UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BYBEE FARMS LLC; DUANE MUNN & SONS FARMS LLC; and COLUMBIA BASIN PELLET LLC, | No. CV-06-5007-FVS |
| Plaintiffs, | ORDER GRANTING STIPULATED MOTION FOR PROTECTIVE ORDER |
| v. | |
| SNAKE RIVER SUGAR COMPANY; THE AMALGAMATED SUGAR COMPANY; RALPH BURTON; and JOHN DOES 1 to 10, | |
| Defendants. | |

The being fully advised, and finding good cause, now therefore;

**IT IS HEREBY ORDERED:**

1.  Any party to this action may designate as "confidential" or "attorney's eyes only" any document or other material or information sought to be discovered or discovered from any party or nonparty pursuant to Rules 26 through 36 and Rule 45 of the Federal Rules of Civil Procedure (either designation hereinafter referred to as "Confidential Material") that the party or its representatives believe in good faith to contain a trade secret or confidential commercial or personal information and to require confidential treatment under this Order. The terms of this Order shall govern as to all aspects of the procedures to be followed in making or challenging such designation, and the terms, conditions, and restrictions on the use of Confidential Material during the pretrial phase of this action. The parties shall

ORDER GRANTING STIPULATED MOTION FOR PROTECTIVE ORDER - 1

meet and confer regarding a procedure for the handling of Confidential Material at trial and set forth the agreed upon procedure in a written stipulation submitted to the Court prior to trial or, if the parties cannot agree upon the procedure, in an order of the Court.

2.  For purposes of this Order, Confidential Material shall include, to the extent designated confidential in accordance with Paragraphs 4 or 5, infra, all or any of the following:

(a) documents, interrogatory answers, deposition testimony, and other information or material produced to the parties to this litigation;

(b) papers, notes, books, manuals, letters, lists, documents, contracts, copies, extracts, memorandums, reports, studies, drawings, calculations, analysis, projections, sketches, surveys, data compilations, complete or partial summaries, photographs, videos, moving pictures, corporate records of all kind, and other documents or materials made or prepared from Confidential Material; and

(c) transcripts, briefs, memoranda, exhibits, and other pleadings or writings that include, summarize, or otherwise disclose any Confidential Material.

3.  In the event any documents, deposition testimony, or other information or material is obtained from any person not a party to this litigation, such person shall have the same rights as a party would have to designate any such material confidential, and the use of such material by the parties shall be governed in all respects by this Order.  The terms "party" and "parties" as used herein shall be deemed to include any such non-parties to the extent necessary or appropriate

to effectuate the terms of this paragraph.

4. A party wishing to designate material as confidential shall place or cause to be placed upon such material the following legend:

**CONFIDENTIAL**
**SUBJECT TO PROTECTIVE ORDER**

Whenever only a portion of a document, transcript, or other material is deemed confidential, the party claiming confidentiality shall, to the extent reasonably practicable, limit the designation to such portion of the material. However, if it is not reasonably practicable to so limit the designation, the entire document, transcript, or other material may be designated as confidential. With respect to any Confidential Material, such as deposition transcripts, that are not produced under the control of the party claiming confidentiality, the other party shall cooperate to assure that all copies of such material shall bear the above legend to the extent requested by the party claiming confidentiality.

5. To the extent that any party or nonparty believes in good faith that any Confidential Material contains highly confidential, sensitive business information requiring additional protection from disclosure, that party or nonparty may designate such documents, information, or things as being highly confidential and subject to this order by placing upon the material the following legend:

**CONFIDENTIAL--ATTORNEYS' EYES ONLY**
**SUBJECT TO PROTECTIVE ORDER**

6. Confidential Material and the contents of Confidential Material (other than material marked "Attorneys' Eyes Only") may be disclosed by the non-producing party and counsel only as provided

ORDER GRANTING STIPULATED MOTION FOR PROTECTIVE ORDER - 3

herein. Solely for the purposes of the prosecution or defense of this Action, Confidential Material (other than material marked "Attorneys' Eyes Only") may be shown to the following persons:

    (a)  Counsel of record for the parties and persons employed by such counsel;

    (b)  The parties to this action, as reasonably necessary in the preparation of this litigation;

    (c)  The authors, addressees, recipients, or originators of Confidential Material;

    (d)  Experts, witnesses, and consultants to the extent reasonably necessary to prepare the prosecution or defense of this Action; and

    (e)  The Court, provided that any Confidential Material submitted to, or filed with the Court, including, but not necessarily limited to, deposition transcripts, pleadings, briefs, and exhibits, shall be conspicuously marked confidential and shall not be filed with the Clerk except under seal subject to release or inspection only by order of the Court after an in-camera inspection or consent of the party claiming confidentiality as to the particular material.

7. Confidential Material marked "Attorneys' Eyes Only" and the contents of such material may be disclosed by the non-producing party and counsel only as provided herein. Solely for the purposes of the prosecution or defense of this Action, Confidential Material marked "Attorneys' Eyes Only" may be disclosed to the following persons:

    (a)  Counsel of record for the parties and persons employed

by such counsel;

    (b)   The authors, addresses, recipients, or originators of such Confidential Material;

    (c)   Experts, witnesses, and consultants; and

    (d)   The Court, as provided in paragraph 6(e).

8.  Prior to any disclosure made pursuant to paragraph 6(a), (b), (c), or (d) or paragraph 7(a), (b), or (c), *supra*, counsel shall require the person to whom such disclosure is to be made to read a copy of this Order and to sign such copy or otherwise signify in writing that he has reviewed and consents to be bound by the terms hereof.  Notwithstanding any other provision of this Order, such persons shall treat all Confidential Material as confidential and shall not discuss or disclose such Confidential Material, or the information contained therein, with or to any person except counsel of record, or use such information in any way other than for the prosecution or defense of this action.

9.  In the event that at any time any party disagrees with the designation of material as confidential or highly confidential under this Order, the parties shall first attempt to resolve the dispute among themselves.  If the dispute is not resolved within fifteen (15) days, the party proposing the Confidential Material designation may move the Court for an order maintaining the Confidential Material designation.  The designating party will therefore carry the burden of proof in maintaining the Confidential Material designation.  During the time a motion is pending, the parties shall continue to treat designated material and information as Confidential Material until the

ORDER GRANTING STIPULATED MOTION FOR PROTECTIVE ORDER - 5

Court issues a final ruling on the document's designation.  If the party proposing the Confidential Material designation fails to file a motion within twenty (20) days of when another party gives notice that it disagrees with such designation, then the proposed designation will automatically be deemed removed.

10.  If Confidential Material is made an exhibit to or the subject of examination during a deposition, or is incorporated into a pleading filed with the Court, arrangements shall be made (a) to bind separately said exhibits, as well as confidential portions of the transcript, or pleading, and (b) to place them in a sealed envelope or other appropriate sealed container on which shall be endorsed the following:

> **This envelope is sealed pursuant to the Protective Order of [date] and contains confidential documents filed in this proceeding.  It is not to be opened or the contents thereof displayed or revealed except to persons authorized to inspect said documents.**

11.  The confidentiality of material produced in this litigation and designated as confidential or highly confidential hereunder is to be preserved both during and after final disposition of this litigation.  Within ninety (90) days after the final conclusion or settlement of this action, counsel in the possession of Confidential Material shall, at the option of the producing party, either return or destroy all such material and all copies, notes, tapes, other papers and any other medium containing, summarizing, excerpting or otherwise embodying any such material or its contents; provided, however, that each counsel shall be entitled to retain memoranda or pleadings embodying information derived from such Confidential Material to the

ORDER GRANTING STIPULATED MOTION FOR PROTECTIVE ORDER - 6

extent reasonably necessary to preserve a file on this litigation, which file shall not be disclosed to any other person.  All deposition transcripts and exhibits and any other material returned to the parties or their counsel by the Court which contain Confidential Material shall also be destroyed or returned as set forth above.

    12.  Notwithstanding anything to the contrary set forth herein, each party shall have the right to apply to the Court at any time for an order granting other or additional protective relief with respect to any Confidential Material.

    13.  The placing of any confidentiality designation or a production identification number on the face of a document produced shall have no effect on the authenticity or admissibility of that document at trial.

    14.  In no event shall any Confidential Material obtained through discovery in this litigation be used for any purposes whatsoever other than the preparation of this case for trial or any appellate proceedings in this litigation.

    15.  Nothing in this Order shall preclude any party from complying with a subpoena requesting production of Confidential Material; provided, however, that counsel for the party that produced the confidential document shall be given notice of such a subpoena within seven (7) court days of receipt thereof by the subpoenaed party and at least seven (7) court days prior to production of any confidential documents pursuant to such a subpoena.  If the producing party files a motion for protective order, then the subpoenaed party will await a court ruling on the motion before producing the

subpoenaed documents, unless otherwise ordered by a court.

16. The restrictions on the use of Confidential Material established pursuant to this Order do not apply to the party, person, or entity producing such material.

17. The inadvertent production of any confidential, privileged or otherwise protected materials shall not be deemed a waiver or impairment of any claim of confidentiality, privilege or protection, including, but not limited to, the attorney-client privilege and the protection afforded to work-product materials, or the subject matter thereof. Upon receiving notice from a party that materials have been inadvertently produced, all such materials (including all copies) shall be returned to the producing party within five (5) business days of receipt of such notice. In the alternative, the producing party has the right to designate such materials as confidential within the meaning of paragraph four (4), supra, or paragraph five (5), supra, within fifteen (15) days after discovering such inadvertent disclosure.

18. The terms of this Order shall survive and remain in full force and effect after the termination of this litigation.

**IT IS HEREBY ORDERED** that the parties Stipulated Motion for Protective Order (**Ct. Rec. 20**) is **GRANTED.**

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this 24th day of July, 2006.

*s/ Fred Van Sickle*

Fred Van Sickle
United States District Judge

ORDER GRANTING STIPULATED MOTION FOR PROTECTIVE ORDER - 8